IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VADIM SERGEYEVICH
KRASNYANSKIY,
No. 071-371-622,

Petitioner,

vs.   Case No. 17-cv-028-DRH

LORETTA LYNCH,
JEFF CHARLES JOHNSON,
RICARDO A. WONG,
SOUTHERN DISTRICT of ILLINOIS
(Field Office),
and WARDEN,

Respondents.

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Krasnyanskiy is currently imprisoned at the Pulaski County Detention Center in Ullin, Illinois (Doc. 1). Proceeding *pro se*, he filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his continued detention.

Petitioner was born in the former Soviet Republic of Azerbaijan in 1986. (Doc. 1, p. 2; Doc. 1-1, p. 1). He lawfully entered the United States as a refugee in May 1997. He was later convicted of burglary, larceny from a building, and marijuana possession. (Doc. 1-1, p. 3).

An order for petitioner's removal from the United States was issued on May 5, 2016. The designated country to receive him is Armenia. However, the

Armenian government has refused to issue a travel document for petitioner. (Doc. 1, p. 2).

Petitioner has been detained in the custody of Immigration and Customs Enforcement (ICE) for more than 6 months. He contends that the government of Armenia has stated that no travel documents will be issued for him, and there is no evidence that travel documents will be forthcoming in the future. (Doc. 1, pp. 2-4). Because his country of origin (Azerbaijan) no longer exists, and he is not a citizen of Armenia, he is a "stateless person." (Doc. 1, p. 4). Due to the length of petitioner's detention, the denial of travel documents by Armenia, his claim that he does not pose a danger to the public, and the availability of housing with his grandmother who is a naturalized U.S. citizen, petitioner argues that he should be released on supervision. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts, and a response shall be ordered.

However, petitioner has named several respondents who are not proper in a § 2241 action. In *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006), the Seventh Circuit held that an immigration detainee raising substantive and procedural due process challenges to his "confinement while awaiting removal" could only name the person who has immediate custody of him during his

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action brought under § 2241.

detention, and not high-level Immigration and Customs Enforcement officials or the Attorney General. Accordingly, all defendants other than the Warden of the Pulaski County Detention Center shall be dismissed from this case.

### Pending Motions

The Motion for Appointment of Counsel (Doc. 2) and the Motion to Stop Transfer (Doc. 3) are **REFERRED** to the United States Magistrate Judge for consideration.

### Disposition

**IT IS HEREBY ORDERED** that Attorney General Loretta Lynch, DHS Secretary Jeff Charles Johnson, Ricardo A. Wong, and the Southern District of Illinois Field Office (which is not a person) are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Warden of the Immigration Detention Facility/Pulaski County Detention Center shall answer the petition within thirty days of the date this order is entered.[2] This order to respond does not preclude the respondent from making whatever waiver, exhaustion, or timeliness arguments it may wish to present to the Court. Service upon the Warden of the Immigration Detention Facility/Pulaski County Detention Center, 20 Justice Drive, Ullin, Illinois, 62992 shall constitute sufficient service.

Pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send a copy of the letter constituting service, the petition, and this Order to the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue,

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

East St. Louis, and to send a copy of the letter constituting service, petition, and Order via registered or certified mail to the United States Attorney General in Washington, D.C., and to the United States Department of Homeland Security.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: January 26, 2017**

Digitally signed by
Judge David R. Herndon
Date: 2017.01.26
09:48:38 -06'00'

**United States District Judge**