IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VADIM SERGEYEVICH
KRASNYANSKIY,

        Petitioner,

vs.

        Civil No. 17-cv-028-DRH-CJP

WARDEN of IMMIGRATION
DETENTION FACILITY,

        Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Petitioner Vadim Sergeyevich Krasnyanskiy filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 challenging his detention by Immigration and Customs Enforcement (ICE). Now before the Court is respondent's Motion to Dismiss Due to Mootness, Doc. 13.

## Relevant Facts and Procedural History

Petitioner alleges that he was born in the former Soviet Republic of Azerbaijan. He is in this country illegally, and is subject to a final order of removal. He was detained in ICE custody awaiting removal when he filed his petition. ICE has attempted, unsuccessfully, to remove him to Armenia. The §2241 petition asserts that petitioner's continued detention is unlawful because he has been detained longer than the presumptively reasonable period of six months

1

set by *Zadvydas v. Davis*, 121 S. Ct. 2491 (2001). The relief sought is release from custody.

Respondent argues that the petition is moot because petitioner has now been released on an order of supervision. See, Doc. 13, Ex. 1.

## Analysis

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna,* 118 S. Ct. 978, 983 (1998). Therefore, a detainee who is released while his petition for writ of habeas corpus is pending meets the "in custody" requirement; his release does not necessarily render his petition moot.

However, the petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 118 S. Ct. at 983 (internal citation omitted).

The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). That is the situation here. Petitioner has received the relief sought, i.e., release from ICE custody.

**Conclusion**

Respondent's Motion to Dismiss Due to Mootness (Doc. 13) is **GRANTED**.

This action is **DISMISSED WITHOUT PREJUDICE**

**IT IS SO ORDERED.**

**Signed this 11th day of May, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.05.11 15:18:05 -05'00'

**United States District Judge**